```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Robert Martin,                       :

        Plaintiff,          : Case No. 2:15-cv-2872

   v.                                :

Ohio Department of Rehabilitation:  JUDGE GREGORY L. FROST
and Corrections, et al.,            Magistrate Judge Kemp
        Defendants.         :


                   REPORT AND RECOMMENDATION

Plaintiff, Robert Martin, a state prisoner who resides at the Hocking Correctional Facility, submitted his complaint in this case on September 29, 2015. His complaint was accompanied by a motion for leave to proceed in forma pauperis. That motion was not accompanied by the required trust fund statement from his institution. Ordinarily, the Court would direct Mr. Martin to provide a trust fund statement in order to allow the Court to consider whether to assess a partial filing fee based on that statement.

However, as this Court recently pointed out in denying Mr. Martin's motion for leave to proceed in forma pauperis in Martin v. Aramark Food Corp. et al., Case No. 2:15-cv-1112, Mr. Martin has had three or more cases or appeals dismissed in the past as frivolous or for failure to state a claim on which relief can be granted. See Martin v. Harlan, Case No. 2:14-cv-1553 (S.D. Ohio); Martin v. Woods, Case No. 2:12-cv-341 (S.D. Ohio), citing Martin v. Welch, Case No. 2:10-cv-736 (S.D. Ohio); Martin v. Ohio Supreme Court, Case No. 2:04-cv-613 (S.D. Ohio); Martin v. Mrs. Lowery, Case No. 2:04-cv-641 (S.D. Ohio).

Under that portion of the Prison Litigation Reform Act codified at 28 U.S.C. §1915(g), the so-called "three strikes"

rule, a prisoner may not bring a suit in forma pauperis if that prisoner "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Thus, he is not entitled to proceed in forma pauperis and to pay the filing fee in installments unless he can demonstrate that he meets the "imminent danger" requirement of §1915(g).  Otherwise, he must pay the entire filing fee (currently $400.00 for prisoners not granted in forma pauperis status) at the outset of the case.

    Mr. Martin does not address the issue of imminent danger in his complaint.  Rather, the issues raised by his complaint appear to be essentially the same as those raised previously by Mr. Martin in Case No. 2:15-cv-1112 and in Case No. 2:14-cv-1553.  One set of issues raised in the latest complaint relates to an alleged contract entered into by the Ohio Department of Correction and Rehabilitation and Aramark Food Service.  Apparently, Mr. Martin believes that an alleged fine Aramark was required to pay to the ODRC as a result of serving tainted foods should have been distributed among inmates as "third-party contractees."  The other set of allegations relates to what Mr. Martin terms "medical abuse."

    The first set of allegations in no way suggests an issue of imminent danger.  The second set of allegations, when previously raised in the way Mr. Martin has raised them here, has been found by the Court not to support a finding of imminent danger.  See Case Nos. 2:15-cv-1112 and 2:14-cv-1553.  Mr. Martin's current complaint, in short, appears to be an attempt to seek reinstatement of the complaints in these two previous cases without paying the filing fee.

For this reason, it is recommended that the motion for leave to proceed in forma pauperis (Doc. 1) be denied, and that Mr. Martin be directed to submit the entire $400.00 filing fee within thirty days if he wishes to proceed with this action. If that recommendation is accepted, he should also be advised that if he does not pay the fee, the action will be dismissed and will not be reinstated even upon subsequent payment of the filing fee. See McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997).

Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp

United States Magistrate Judge