UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT MARTIN,**

      **Plaintiff,**

      v.

**OHIO DEPARTMENT OF
REHABILITATION AND
CORRECTIONS, et al.,**

      **Defendants.**

**Case No. 2:15-cv-2872**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Terence P. Kemp**

## ORDER

This matter is before the Court for consideration of the Magistrate Judge's October 20, 2015 Report and Recommendation (ECF No. 3) and Plaintiff's objections (ECF No. 4). The Court overrules the objections and adopts the Report and Recommendation.

In the Report and Recommendation, the Magistrate Judge addressed Plaintiff's continued problematic pleading and the pending motion for leave to proceed *in forma pauperis* (ECF No. 1). Both the Magistrate Judge and the undersigned have previously explained to Plaintiff in Case No. 2:15-cv-1112 what the Magistrate Judge once again explained here: because Plaintiff has had three or more cases dismissed in the past as frivolous or for failure to state a claim upon which relief can be granted, the Prison Litigation Reform Act's "three strikes" rule precludes Plaintiff from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). The Magistrate Judge then explained how Plaintiff has again failed to plead the requisite imminent danger and recommended the denial of the motion for leave to proceed *in forma pauperis*.

As he did in Case No. 2:15-cv-1112, Plaintiff has filed objections here in which he again asserts that the Magistrate Judge lacks jurisdiction to issue a Report and Recommendation because the parties had not consented to such an exercise of jurisdiction. When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has previously explained to Plaintiff multiple times that his lack-of-jurisdiction argument incorrectly conflates the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c)(1) over the entire case with the Magistrate Judge's jurisdiction to act on select, designated matters. Regardless of the parties' consent, the Magistrate Judge is charged with exercising jurisdiction over the matters addressed in the Report and Recommendation, which include consideration of Plaintiff's motion for leave to proceed *in forma pauperis*. *See Gilman v. I.R.S.*, No. 1:14-CV-301, 2015 WL 2345521, at *1 (W.D. Mich. Mar. 25, 2015); *Seals v. Seals*, No. 2:14-cv-2058-JPM-cgc, 2014 WL 3592037, at *3-4 (W.D. Tenn. July 21, 2014); *Mansour v. West Chester Twp. Bd. of Trs.*, No. 1:10-cv-880, 2011 WL 5389280, at *3 (S.D. Ohio Nov. 8, 2011). The Magistrate Judge acted in accordance 28 U.S.C. § 636 and the duties imposed on him by standing order of the Eastern Division of the United States District Court for the Southern District of Ohio. *See* General Order No. COL: 14-01, at 1 ("If the Magistrate Judge concludes that *in forma pauperis* status ought not be granted, the Magistrate Judge may, without the need for a specific order of reference, file a report and recommendation to that effect.") The

Magistrate Judge therefore properly produced the Report and Recommendation here.  Plaintiff's first objection is without merit.

Plaintiff next raises the argument that because the Supreme Court of Ohio accepted him as indigent in a state court case, he need not submit the required inmate trust fund statement from his penal institution.  This argument either entirely misses or purposefully ignores the point of the Report and Recommendation.  The Court is not bound by the state court's action; what transpired in that court in regard to Plaintiff's financial status does not inform proceedings in this case.  Rather, Plaintiff's status as indigent is relevant only if he has pled imminent danger of serious physical injury so as to evade application of the "three strikes" rule.  Plaintiff's second objection is also without merit.

Plaintiff's third objection appears to be that his financial information is privileged and cannot be disclosed to this Court without his consent.  Plaintiff argues that requiring a trust fund statement violates numerous provisions of inapplicable federal law.  This creative argument is simply wrong and either misunderstands or purposely ignores what the applicable law not only permits but also requires in an *in forma pauperis* context.  Plaintiff's third objection is without merit.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 4), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 3), and **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 1).  This Court **DIRECTS** Plaintiff to submit the $400.00 filing fee within thirty days of this Order.  Plaintiff is advised that if he fails to pay the filing fee as directed, this action will be dismissed and will not be reinstated

even upon subsequent payment of the filing fee.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997).

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE