IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT MARTIN,**

    **Plaintiff,**

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS, et al.,**

    **Defendants.**

**Case No. 2:15-cv-2872**
**CHIEF JUDGE EDMUND A. SARGUS JR.**
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

Before the Court is Plaintiff's October 26, 2016 motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking relief from the Court's January 20, 2016 Order and judgment dismissing the case for want of prosecution. (ECF No. 10.) For the following reasons, Plaintiff's motion is **DENIED**.

Plaintiff, Robert Martin, initiated this § 1983 action on September 25, 2015 by filing a motion to proceed *in forma pauperis*. Magistrate Judge Kemp recommended denying Martin's motion, first noting that Martin had failed to provide the required trust fund account statement to assess whether a partial filing fee was warranted. *See* 28 U.S.C. § 1915. Even if Martin had provided his account statement, the Magistrate Judge explained next that he would still not be able to proceed *in forma pauperis* without alleging additional facts:

> [A]s this Court recently pointed out in denying Mr. Martin's motion for leave to proceed *in forma pauperis* in *Martin v. Aramark Food Corp. et al.*, Case No. 2:15-cv-1112, Mr. Martin has had three or more cases or appeals dismissed in the past as frivolous or for failure to state a claim on which relief can be granted. *See Martin v. Harlan*, Case No. 2:14-cv-1553 (S.D. Ohio); *Martin v. Woods*, Case No. 2:12-cv-341 (S.D. Ohio), citing Martin v. Welch, Case No. 2:10-cv-736 (S.D. Ohio); *Martin v. Ohio Supreme Court*, Case No. 2:04-cv-613 (S.D. Ohio); *Martin v. Mrs. Lowery*, Case No. 2:04-cv-641 (S.D. Ohio).

> Under that portion of the Prison Litigation Reform Act codified at 28 U.S.C. §1915(g), the so-called "three strikes" rule, a prisoner may not bring a suit *in forma pauperis* if that prisoner "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Thus, he is not entitled to proceed *in forma pauperis* and to pay the filing fee in installments unless he can demonstrate that he meets the "imminent danger" requirement of §1915(g). Otherwise, he must pay the entire filing fee (currently $400.00 for prisoners not *granted in forma pauperis* status) at the outset of the case.

(Report & Recommendation at 1–2, ECF No. 3.) Upon objection from Martin, Judge Frost set a non-oral hearing on the objection and subsequently adopted the Report & Recommendation. (ECF No. 6.) Judge Frost ordered Martin to pay the full filing fee of $400.00 or face dismissal of his case. (*Id.*) On January 20, 2016, after no activity, Judge Frost dismissed the case and entered judgment against Martin. (ECF Nos. 8, 9.) This case was then reassigned to this Court for consideration of Martin's motion for relief from judgment. (ECF No. 10.)

Martin seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). This rule "provides relief 'only in exceptional and extraordinary circumstances,' which are defined as those 'unusual and extreme situations where principles of equity mandate relief.'" *Exp.-Imp. Bank of the U.S. v. Advanced Polymer Scis., Inc.*, 604 F.3d 242, 247 (6th Cir. 2010) (quoting *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001)). Although Martin also invokes Rule 60(b)(3)–(4), which provide relief when there is fraud, misrepresentation, or misconduct by an opposing party, or where the judgment is void, neither provision appears relevant here.

Martin offers several arguments contending that relief is appropriate, essentially because

he in indigent but unwilling to publicly file his trust fund account statement with the Court.

Martin first argues that issue and claim preclusion compel the Court to allow him to proceed *in forma pauperis* without providing his account statement to the Court because the Ohio Supreme Court previously found him to be indigent in his state case. (ECF No. 10 at 2.) Although a person may be found indigent under Ohio law, it is federal law that determines who is indigent in federal court. *See* 28 U.S.C.§ 1915 ("A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement . . ."). As Judge Frost explained, "The Court is not bound by the state court's action; what transpired in that court in regard to Plaintiff's financial status does not inform proceedings in this case." (ECF No. 6 at 3.)

Martin next claims that he was denied a hearing before his personal funds were garnished to satisfy the filing fee in violation of his due process rights. (ECF No. 10 at 5 (citing *Connecticut v. Deohr*, 501 U.S. 1 (1991) (state law permitting ex parte attachment of real estate without prior notice or hearing was unconstitutional)).) Because it does not appear that any funds were actually taken from Martin to satisfy the filing fee (because he did not provide the required account statement), there was no deprivation for which he was owed a hearing. Even so, Judge Frost did provide Martin notice that he would schedule a non-oral hearing on the matter.

Martin also alleges that requiring him to disclose his trust fund account statement violated his rights under the Financial Privacy Act. (ECF No. 10 at 5–6.) The cases Martin cites are inapposite. The Sixth Circuit has specifically upheld the requirement that prisoners provide a trust fund account statement to avoid paying the full filing fee. *See Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997) (upholding as constitutional the Prison Litigation Reform Act's filing fee provision); *see also Erby v. Kula*, 113 F. App'x 74, 75 (6th Cir. 2004) (dismissing prisoner's

petition for want of prosecution on similar grounds). Judge Frost also addressed this issue in his Opinion & Order, stating that "[t]his creative argument is simply wrong and either misunderstands or purposely ignores what the applicable law not only permits but also requires in an *in forma pauperis* context." (ECF No. 6 at 3.).

Martin finally suggests that the Court has engaged in "spoliation of evidence" and is inclined to disfavor pro se litigants. (ECF No. 10 at 6–7.) In considering this motion, the Court is mindful that a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers." *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 746 (S.D. Ohio 1998) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial." *Id.* at 749 (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). Even construed liberally, none of Martin's arguments here amount to the "exceptional and extraordinary circumstances" necessary to justify relief from judgment. Even if they were, Martin would still not be entitled to relief from judgment because he has failed to allege he is in "imminent danger of serious physical injury" as required to overcome the "three strikes" rule to proceed *in forma pauperis*. Absent such allegations or supporting evidence, the Court is unable to make the requisite determination that exceptional or extraordinary circumstances exist in this case. *See* 28 U.S.C. § 1915(g). Because Martin has not satisfied the conditions to proceed *in forma pauperis*, and has not paid the $400.00 filing fee, his motion seeking relief from judgment (ECF No. 10) is **DENIED**.

**IT IS SO ORDERED.**

5-10-2017

**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**